**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**HENRY CHANCE, individually and on
behalf of all those similarly situated,**

        **Plaintiff,**

v.                                                **Case No.: 3:06cv488/MCR/MD**

**AUTO-OWNERS INSURANCE COMPANY,**

        **Defendant.**
_____/

## ORDER

      Plaintiff Henry Chance ("Chance") filed this class action against defendant Auto-Owners Insurance Company ("Auto-Owners"), the issuer of an insurance policy for Chance's residence in Gulf Breeze, Florida. Chance seeks to recover policy limits under the Florida Valued Policy Law, Fla. Stat. § 627.702 (2004), for damages to his property caused by Hurricane Ivan in September 2004. Presently before the court is Auto-Owners motion to stay this case pending resolution of certain proceedings in the Florida Supreme Court. (Doc. 13). Chance has filed a response in opposition. (Doc. 17).[1] Upon consideration, the court shall grant Auto-Owners' motion. All proceedings in this action therefore are stayed, and the clerk shall be directed to close the case administratively pending further order by the court.

      Primarily at issue in this case is the interpretation of § 627.702 in the situation where, as is true with respect to Chance's property, wind and water combine to cause a total loss.

---

[1] Also pending is Chance's pending motion to strike Auto-Owners' affirmative defenses. (Doc. 9). Because, as explained below, this case shall be stayed and administratively closed, the court shall take no action on Chance's motion at this time.

Relying on <u>Mierzwa v. Florida Windstorm Underwriting Association</u>, 877 So.2d 774 (Fla. 4th DCA 2004) (holding that the 2004 version of § 627.702 requires insurer to pay policy limits when the property is considered a total loss due in any part to the risk covered by the policy), Chance contends that he is entitled to recover the full face amount of his policy, under which policy his property was insured for wind damage but not flood damage. Auto-Owners submits that it is liable only for loss caused by the covered peril of wind damage and has refused to pay the policy limits sought by Chance.

Auto-Owners cites <u>Citizens Property Insurance Corp. v. Ceballo</u>, 934 So.2d 536 (Fla. 3rd DCA 2006) (holding that an insured must present proof of expenses incurred in order to obtain recovery for additional covered amounts), in support of its motion to stay these proceedings. In refusing to permit a "windfall" recovery in the absence of proof of loss, the <u>Ceballo</u> court acknowledged its disagreement with <u>Mierzwa</u> and certified a direct conflict. <u>Id.</u> at 538. The Florida Supreme Court has accepted jurisdiction over the conflict certified in <u>Ceballo</u> and scheduled oral argument for February 15, 2007. <u>See</u> Fla. Sup. Ct. Case No. SC06-1088. Recently, the Florida Supreme Court also accepted jurisdiction over the following certified question presented in <u>Florida Farm Bureau Casualty Insurance Co. v. Cox</u>, ___ So. 2d ___, 2006 WL 3024902, 31 Fla. L. Weekly D2679 (Fla. 1st DCA 2006):

> Does section 627.702(1), Florida Statutes (2004), referred to as the Valued Policy Law, require an insurance carrier to pay the face amount of the policy to an owner of a building deemed a total loss when the building is damaged in part by a covered peril but is significantly damaged by an excluded peril?

<u>See</u> Fla. Sup. Ct. Case No. SC06-2494.

As noted, the central issue in the instant case is the interpretation of § 627.702, specifically whether, in its 2004 version, this statute requires an insurer to pay policy limits when the property is considered a total loss due in any part to a covered risk. Judge Roger Vinson and Judge Richard Smoak of this district have granted motions to stay which are similar to the motion at bar. <u>See</u> <u>Arenson v. Citizens Property Insurance Corp.</u>, Case No. 3:05cv154/RS (doc. 22, filed October 26, 2005), and <u>Jones v. Hartford Insurance Co.</u>, Case No. 3:05cv392/RS (doc. 57, filed May 25, 2006). Based on the same principles and for essentially the same reasons cited by Judge Vinson and Judge Smoak in their orders, this

court concludes that staying the instant case until the resolution by the Florida Supreme Court of the certified conflict and question presented in Ceballo and/or Cox likewise is in the best interest of wise judicial administration. Auto-Owners' motion therefore is granted.

Accordingly, it is ORDERED:

1. Defendant Auto-Owners' motion to stay this action (doc. 9) pending resolution by the Florida Supreme Court of the certified conflict and question presented in Citizens Property Insurance Corp. v. Ceballo, 934 So.2d 536 (Fla. 3rd DCA 2006), and/or Florida Farm Bureau Casualty Insurance Co. v. Cox, ___ So. 2d ___, 2006 WL 3024902, 31 Fla. L. Weekly D2679 (Fla. 1st DCA 2006), is GRANTED. All proceedings in this case therefore are STAYED until further order of this court.

2. The parties shall notify this court immediately at such time as the Florida Supreme Court issues its mandate in either of the cases cited in the preceding paragraph.

3. The clerk shall close this case administratively until further order of this court.

**DONE and ORDERED** this 26th day of January, 2007.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**